PER CURIAM.
The state brings this petition for writ of certiorari from an order excluding two state witnesses from testifying against respondent. The order excluding the testimony was pursuant to a “Sworn Motion to Dismiss on Constitutional Grounds” filed by respondent alleging a violation of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).
The state requested but was denied the right to put on testimony concerning the Massiah issue. The trial judge found that the state was not entitled to put on testimony since it did not file a traverse or demurrer to the motion to dismiss. The trial court specifically applied Florida Rule of Criminal Procedure 3.190(d) which provides in part that “[fjactual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the State in such traverse.” However, we find rule 3.190(d) inapplicable. A motion for relief due to a Massiah violation is, in effect, a motion to suppress or in limine. Massiah, *263 supra, mandated that defendant’s statements could not be introduced at trial. Here, the trial court granted similar relief by excluding the testimony of the witnesses who took defendant’s statements, allegedly under facts and circumstances violating defendant’s constitutional rights. There is no requirement in the criminal rules that facts in such motions (other than motions to dismiss) are deemed admitted if no traverse is filed. Rule 3.190(i), dealing with a motion to suppress, provides that a hearing is required on any material issue(s) of fact relied upon to evidence the constitutional denial.
Therefore, it was a departure from the essential requirements of law to grant defendant relief without giving the state a hearing herein.
In view of the above disposition, it was also error to deny the motion to extend speedy trial time. Speedy trial time is extended ninety (90) days from the date this opinion becomes final.
CERTIORARI GRANTED.
OTT, C.J., and BOARDMAN and LE-HAN, JJ., concur.